**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ADDISON NAVONE, LLC,                )    CV 18-9170-RSWL-MAA
                                    )
              Plaintiff,            )
                                    )    **ORDER re: Defendant's**
                                    )    **Motion to Dismiss the**
       v.                           )    **Third and Fourth Causes**
                                    )    **of Action** [10]
                                    )
TRAVELERS PROPERTY CASUALTY         )
COMPANY OF AMERICA,                 )
                                    )
                                    )
              Defendant.            )
                                    )
                                    )
                                    )
_____)

Currently before the Court is Defendant Travelers Property Casualty Company of America's ("Defendant") Motion to Dismiss the Third and Fourth Causes of Action [10]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES in part and GRANTS in part** Defendant's Motion **WITH LEAVE TO AMEND.**

# I. BACKGROUND

## A. Factual Background

Plaintiff Addison Navone, LLC ("Plaintiff") owns a commercial warehouse property (the "Property") in Stockton, California. Notice of Removal, Ex. 2, Compl. ¶ 12, ECF No. 1-2. On or about November 11, 2014, Plaintiff purchased insurance policy number 680-786Y8178 ("the Policy") from Defendant covering the period from January 1, 2015, to January 1, 2016. Id. ¶ 13. Plaintiff renewed the Policy on or about November 23, 2015, to cover the period from January 1, 2016, to January 1, 2017. Id. ¶ 14. In 2016, Plaintiff leased the Property to HD Supply Construction Supply, Ltd. ("HD Supply"). Id. ¶ 18.

Plaintiff alleges that under the Policy, Defendant had an obligation to indemnify Plaintiff for any claim that was covered by the Policy. Id. ¶ 19. Section A of the Policy titled "Businessowners Property Coverage" provides that Defendant "will pay for direct physical loss of or damage to [the Property] caused by or resulting from a Covered Cause of Loss." Id. ¶ 20. Covered losses include any kind of loss unless limited or excluded by the Policy. Id. Section I of the section titled "Commercial General Liability" provides that Defendant "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" Id. ¶ 21.

On or about September 28, 2016, a portion of the roof on the Property caved in and a roof truss broke. Id. ¶ 22. Plaintiff filed a claim with Defendant under the Policy the following day. Id. ¶ 23. Plaintiff alleges that a covered peril under the Policy was the proximate cause of Plaintiff's loss, and because no Policy exclusions apply, Defendant owes coverage for all damages and indemnification associated with the roof incident. Id. ¶ 24.

Plaintiff alleges that Defendant failed and refused to conduct a prompt, full, and complete investigation and then denied Plaintiff's claim on December 14, 2016. Id. ¶¶ 26-27. In its denial letter, Defendant said the claim fell within exclusions to the Policy, but Plaintiff alleges that Defendant provided no further explanation. Id. ¶ 27.

HD Supply had to use alternative space to store its goods and withheld rent from Plaintiff during the time the roof was damaged. Id. ¶ 28. Plaintiff alleges the repair was delayed because it had to wait several months for a decision from Defendant. Id. Plaintiff alleges that as a result of Defendant's actions, Plaintiff has suffered a loss of hundreds of thousands of dollars. Id. ¶ 30.

**B.  Procedural Background**

Plaintiff filed its Complaint [1-2] in Los Angeles Superior Court on September 21, 2018 for breach of contract, bad faith, intentional interference of

contract, and intentional interference of prospective economic advantage. Notice of Removal ¶ 1, ECF No. 1. This Action was removed [1] to this Court by diversity jurisdiction on October 25, 2018. Defendant filed the instant Motion [10] on November 15, 2018. The Court granted the parties' stipulation to continue the hearing on the Motion from December 18, 2018, to February 19, 2019 [14]. The Court ordered further briefing to be submitted on the new schedule based on the February 19, 2019 hearing date. The Court approved the parties' second stipulation to continue the hearing on the Motion from February 19, 2019, to March 19, 2019 [19]. Plaintiff filed its Opposition [20] on February 26, 2019. Defendant filed its Reply [21] on March 5, 2019.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must contain sufficient facts, accepted as true, to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). A court must presume all factual allegations to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. <u>Jackson v. Birmingham Bd. of Educ.</u>, 544 U.S. 167, 184 (2005) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). However, a complaint "should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Balistreri</u>, 901 F.2d at 699 (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

///

///

///

**B.  Discussion**

    1.  <u>Intentional Interference of Contract</u>

    The elements of an intentional interference of contract under California law require: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." <u>Quelimane Co. v. Stewart Title Guaranty Co.</u>, 960 P.2d 513, 530 (Cal. 1998).

    At issue here is the third element—the intent requirement.  Defendant argues that Plaintiff's Complaint as a whole alleges that Defendant's intent was to enrich itself by denying coverage of the roof damage, and not to interfere with Plaintiff's lease agreement.  Mot. at 6:10-19.  However, a specific intent to interfere is not required to properly plead this claim.  <u>Quelimane</u>, 960 P.2d at 531 ("[T]he tort of intentional interference with performance of a contract does not require that the actor's primary purpose be disruption of the contract.").  A claim is viable where the actor "knows that the interference is certain or substantially certain to occur as a result of his action."  <u>Id.</u> (quoting Restatement (2d) of Torts § 766, cmt. j).

    Plaintiff alleges that Defendant "intended or knew that a breach or disruption" of Plaintiff's contract

with HD Supply "was certain or substantially certain to occur" as a result of Defendant's improper denial of coverage. Compl. ¶ 52. Specifically, Plaintiff alleges that it had a contract with HD Supply at the time of the roof collapse, that Defendant knew of this contract, and that Defendant knew that tenants like HD Supply stored their goods at the Property. Id. ¶¶ 50-51. As a result of Defendant's delay in processing Plaintiff's claim and subsequent denial of coverage, Plaintiff alleges that there was a delay in repair of the roof and that HD Supply withheld rent for having to use an alternative space to store its goods. Id. ¶¶ 28, 53. Plaintiff alleges that Defendant, as an insurer, knew that delaying investigation of the insurance claim would interfere with Plaintiff's contract with HD Supply. Id. ¶¶ 51-54. Finally, Plaintiff alleges it suffered hundreds of thousands of dollars in damages as a result. Id. ¶ 54.

At this stage, these allegations are sufficient for a claim of intentional interference of contract and the Court **DENIES** Defendant's Motion to Dismiss as to Plaintiff's intentional interference of contract claim.

  2.  Intentional Interference of Prospective
      Economic Advantage

The elements of intentional interference of prospective economic advantage under California law require:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 950 (Cal. 2003) (citations omitted).

The parties dispute whether Plaintiff's allegations satisfy the third element, which requires "(1) that the defendant engaged in an independently wrongful act, and (2) that the defendant acted either with the desire to interfere or the knowledge that interference was certain or substantially certain to occur as a result of its action." Id. at 958. An independently wrongful act is defined as an unlawful act. Id. at 953-54 ("We conclude, therefore, that an act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."). Plaintiff need only plead at least one claim that survives as independently wrongful to survive the motion to dismiss stage. Packaging Sys., Inc. v. PRC-Desoto Int'l, Inc., 286 F. Supp. 3d 1071 1091 (C.D. Cal. 2017).

Here, Plaintiff alleges that Defendant engaged in wrongful conduct and acted in bad faith by failing to provide coverage under the Policy. Compl. ¶ 60. In

other words, Plaintiff alleges that Defendant's breach of contract and breach of implied covenant of good faith constitute wrongful conduct. Id. However, "California law does not recognize a breach of contract as a 'wrongful act' predicate required for this claim." MJC America, Ltd. v. Gree Elec. Appliances, Inc. Of Zhuhai, No. CV 13-04264 SJO (CWx), 2014 WL 12597149, at *6 (C.D. Cal. Aug. 13, 2014). California law also does not recognize breach of the covenant of good faith and fair dealing as wrongful conduct. Id. (holding that a breach of covenant of good faith does not qualify as wrongful conduct in cases where the covenant is merely an implied term and not a special fiduciary relationship). Here, Plaintiff pleads an implied covenant of good faith and not a special fiduciary relationship between Plaintiff and Defendant. See Compl. ¶¶ 39-48.

Because Plaintiff fails to plead independently wrongful conduct outside of the alleged interference, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's interference with prospective economic advantage claim.

3. Leave to Amend

A plaintiff may amend the complaint once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). After that, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave

shall be freely given when justice so requires." <u>Id.</u>
"Rule 15's policy of favoring amendments to pleadings
should be applied with 'extreme liberality.'" <u>United</u>
<u>States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981)
(internal quotations and citation omitted).  Here,
Plaintiff has not previously amended its Compliant,
even prior to its removal.  Because the biggest issue
with Plaintiff's allegation is the lack of
independently wrongful conduct, there is a chance that
amendment will cure this deficiency and the Court
**GRANTS LEAVE TO AMEND** with respect to Plaintiff's claim
for interference with prospective economic advantage.

### III. CONCLUSION

Based on the foregoing, the Court (1) **DENIES**
Defendant's Motion as to Plaintiff's third claim for
intentional interference of contract; and (2) **GRANTS**
**WITH 21 DAYS LEAVE TO AMEND** Defendant's Motion as to
Plaintiff's fourth claim for intentional interference
of prospective economic advantage.

**IT IS SO ORDERED.**


DATED: April 16, 2019             s/ RONALD S.W. LEW
                                 _____
                                 **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge